UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SAMANTHA J. PENNELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-393-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Samantha Pennell ("Pennell") appeals the denial of her claim for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI"). [Record No. 13] She contends that the Administrative Law Judge ("ALJ") assigned to her case failed to properly evaluate the opinion of the consultative psychological examiner, Dr. Brian McLean. [*Id.* at 11–14] But after reviewing the record and considering the parties' arguments, the Court concludes that the ALJ's decision is supported by substantial evidence.

**I.**

Pennell was 42 years old at the alleged onset of disability. [Record Nos. 8-6 at 2; Record No. 8-11 at 22] She alleges disability, beginning March 1, 2020, due to lupus, arthritis, back injury, anxiety, joint pain, fibromyalgia, depression, and migraines. [Record Nos. 8-6 at 2, 8 and 8-7 at 4] Pennell filed applications for DIB and SSI under Titles XVI and II of the Social Security Act ("Act") on April 3, 2020. [Record No. 8-6 at 2, 8]

An ALJ found that Pennell was not disabled within the meaning of the Act in a decision dated September 22, 2021. [Record No. 8-4 at 90–105] The Appeals Council remanded the

-1-

matter after Pennell requested review.  [*Id*. at 113–16] Following a second hearing before the same ALJ, Pennell's DIB and SSI claims were again denied in a decision dated April 21, 2023. [Record No. 8-3 at 16–33] Pennell then filed this action after the Appeals Council denied review.  [Record No. 8-12 at 34–37] However, on July 15, 2024, the Court remanded the case for further proceedings.  [*Id.* at 38–45]

Following a subsequent administrative hearing, ALJ Boyce Crocker issued a written decision on June 25, 2025, again finding that Pennell was not disabled within the meaning of the Act.  [Record No. 8-11 at 2–31] Pennell did not file written exceptions and the Appeals Council did not assume jurisdiction.  Thus, the June 25, 2025, decision became the final decision of the Commissioner.  [*Id*.] The matter is now ripe for judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.

A "disability" under the Act is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)).  A claimant's disability determination is made by an ALJ in accordance with "a five-step sequential evaluation process."  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc).  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

> First, the claimant must demonstrate that [he or she] has not engaged in substantial gainful activity during the period of disability.  Second, the claimant must show that [he or she] suffers from a severe medically determinable physical or mental impairment.  Third, if the claimant shows that [his or her] impairment meets or medically equals one of the impairments listed in 20 C.F.R.

Pt. 404, Subpt. P, App. 1, [he or she] is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform [his or her] past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as [his or her] age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 399 (6th Cir. 2018) (quoting

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

A district court's review is limited to determining whether the ALJ's findings are supported by substantial evidence[1] and whether the ALJ applied the proper legal standards in reaching his or her decision. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). A reviewing court is further limited in that it is not empowered to conduct a *de novo* review, resolve conflicts in evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). If the court finds substantial evidence to support the Commissioner's judgment, it must affirm that decision even if it would have decided the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id.* at 714.

## III.

At step one, the ALJ determines if a claimant is engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity occurs when a claimant performs significant physical or mental activities for pay or profit. 20 C.F.R. §§ 404.1572(b). In the appeal presently before the Court, the ALJ found that Pennell has not engaged in

---

[1]    Substantial evidence is defined as such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

substantial gainful activity since March 1, 2020, the alleged disability onset date. [Record No. 8-11 at 8] He also found that Pennell met the insured status requirements of the Act through September 30, 2027. [*Id.*]

The ALJ determines at step two whether a claimant has a medically determinable impairment that is severe or a combination of impairments that collectively are severe. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, ALJ Crocker concluded that Pennell has the following severe impairments: degenerative disc disease, obesity, systemic lupus erythematosus, depression, anxiety disorder, post-traumatic stress disorder ("PTSD"), fibromyalgia, and migraine. [Record No. 8-11 at 8]

Step three requires the ALJ to ascertain whether the claimant has an impairment or combination of impairments that are of severity sufficient to meet or equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. At this step, the ALJ found that Pennell's medical impairments did not meet or medically equal the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Record No. 8-11 at 9]

The ALJ then considers at step four whether a claimant has a residual functional capacity ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). After consideration of the entire record, ALJ Crocker found that Pennell has the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except:

> [S]he can frequently climb ramps and stairs, but not ladders, ropes, or scaffolds. She is limited to frequent stooping, kneeling, crouching, and crawling. She should have no more than frequent exposure to loud noise work environments with no more than occasional exposure to vibration, high, exposed places or moving mechanical parts. She can perform simple work tasks requiring little independent judgment and involving minimal variations for extended periods of 2-hour segments. She is limited to frequent interactions with coworkers,

supervisors and the public.  She can adapt to situational conditions and changes in a routine work setting.

[Record No. 8-11 at 13] He also determined that Pennell had no past relevant work.  [*Id*. at 22]

At step five, the ALJ determines if the claimant can do any other work considering his or her RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).  ALJ Crocker determined that, "[c]onsidering [Pennell's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Pennell] can perform."  [Record No. 8-11 at 22] These included occupations such as a production inspector, garment folder, packer, and assembler.  [*Id.* at 22–23] Thus, the ALJ found that Pennell has not been under a disability within the meaning of the Act, from March 1, 2020, through the date of the decision.  [*Id.* at 23]

### Evaluation of Dr. Brian McLean's Medical Opinion

Pennell argues that the ALJ failed to sufficiently evaluate the supportability of Dr. McLean's opinion regarding marked limitations.  [Record No. 13 at 11] Although the ALJ addressed both supportability and consistency, Pennell contends that the analysis was flawed and improperly discounted Dr. McLean's opinion.  [*Id.* at 13]

Regarding supportability, Pennell asserts that the ALJ merely summarized the evidence without analyzing it or building a logical connection between the evidence and his conclusion that Dr. McLean's opinions were only somewhat supported.  [*Id.* at 13–14] Specifically, she argues that the ALJ failed to explain why the "normal" findings undermined or failed to support Dr. McLean's marked limitations.  [*Id.*] Pennell further maintains that the "abnormal" findings identified by Dr. McLean support the restrictive limitations he assessed, while the "normal" findings do not contradict them.  [*Id.* at 14]  Thus, Pennell contends that the ALJ's

committed reversible error by offering only a conclusory statement that Dr. McLean's expert opinions were unsupported.  [*Id.*]  She therefore asks the Court to reverse the ALJ's decision and remand this case for further proceedings.  [*Id.*]

Conversely, the Commissioner argues that the ALJ reasonably considered and properly discounted the more restrictive mental functional limitations assessed by Dr. McLean.  [Record No. 16 at 4] He contends that the ALJ appropriately evaluated the supportability factors and reasonably rejected Dr. McLean's opinion that Pennell had more than moderate mental functional limitations.  [*Id.* at 4–6] The Commissioner further argues that the ALJ reasonably discounted Dr. McLean's assessed "moderate to marked" mental functional limitations because they were unsupported by his examination findings and inconsistent with other evidence in the record.  [*Id.* at 6–8]

A medical opinion's supportability and consistency "are the most important factors [ALJs] consider when [they] determine how persuasive [they] find a medical source's medical opinions."  20 C.F.R. § 404.1520c(b)(2).  The supportability determination is defined in this way: "[t]he more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that medical opinion."  20 C.F.R. § 404.1527(c)(3).  And "[t]he better an explanation a source provides for a medical opinion, the more weight [the ALJ] will give that medical opinion."  *Id.*

Stated differently, the supportability factor provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."  20 C.F.R. § 4041.520c(c)(2).  Further, the more "consistent" a medical opinion is with the evidence from other medical and nonmedical sources in the record, the more persuasive

-6-

the ALJ should find the medical opinion.  20 C.F.R. § 404.1520c(c)(2).  To be sure, the consistency factor "requires the ALJ to compare the medical opinion at issue to other medical and nonmedical sources." *Elizabeth A. v. Comm'r of Soc. Sec.*, No. 2:22-cv-2313, 2023 WL 5924414, at *4 (S.D. Ohio Sept. 12, 2023) (citation modified).

In July 2020, after a consultative examination, Dr. McLean determined that Pennell had "moderate" impairment in her capacities to understand, remember, and carry out instructions toward performance of simple repetitive tasks, and in sustaining attention and concentrations towards performance of such task.  [Record No. 8-8 at 299] He further opined that Pennell had "moderate to marked" impairment in her capacities to tolerate stress and pressure of day-to-day employment and in responding appropriately to supervision, coworkers, and work pressures in a work setting.  [*Id.* at 299–300] Dr. McLean defined "moderate" as "[t]here is moderate limitation in this area, but the individual is still able to functions satisfactorily," and "marked" as "[t]here is serious limitation in this area, the ability to function is severely limited, but not precluded."  [*Id.* at 299]

However, the ALJ found Dr. McLean's opinion only partially persuasive.  [Record No. 8-11 at 20–21] In reaching this conclusion, the ALJ explained that Dr. McLean's opinion was only partially supported by his own examination findings.  [*Id.* at 20] Specifically, he found that Dr. McLean's medical opinion was supported by his clinical observations that Pennell had tense facial expressions, hypervigilant thought content, variable attention and concentration, poor coping abilities, and isolative social maturity, as well as the mental health complaints Pennell described during the examination, including ongoing issues with nightmares, neglecting personal hygiene due to depression, isolating from other, being easily started, feeling angry and mad constantly, experiencing panic attacks, and that her medications were

-7-

not effective in minimizing her anxiety and depression symptoms consistently. [*Id.* (citing Record No. 8-8 at 298–300)]

But the ALJ found that other findings Dr. McLean recorded as part of his evaluation were not supportive of the marked limitations he assessed, including that Pennell demonstrated adequate judgment and insight, good abstract thinking, and adequate reality testing. [*Id.* at 20–21 (citing  Record No. 8-8 at 298–300)] In addition, he noted Dr. McLean's observations that Pennell had normal grooming and clean and appropriate dress did not support her reported poor hygiene, and Pennell's normal eye contact, cooperative attitude, and reported support system were not supportive of a marked limitation in interacting with others. [*Id.* (citing Record No. 8-8 at 298–300)] The ALJ also pointed to the fact that Pennell told Dr. McLean that she was able to talk and text with other without issues, as well as manage her own medications. [*Id.* at 21 (citing Record No. 8-8 at 298–300)]

Although Pennell disagrees with the ALJ's supportability analysis (arguing that the ALJ relied too heavily on the normal findings Dr. McLean recorded during a one-time examination), the ALJ reasonably considered the supportability factor in discounting Dr. McLean's opinion that Pennell has more than moderate functional limitations (i.e., "moderate to marked") and that finding was supported by sufficient evidence in the record.  Because the ALJ discussed and relied on substantial evidence in support of his conclusion, the Court may not reweigh the evidence or substitute its judgment, even if substantial evidence might also support a contrary conclusion. *See Ulman*, 693 F.3d at 714.

Regarding consistency, the ALJ found that Dr. McLean's opinion was not fully consistent with the overall record.  [Record No. 8-11 at 21] He cited examination records

evidencing generally stable symptoms during the relevant period.  [*Id.* (citing Record Nos. 8-8 at 34–203, 302– 526; 8-9 at 2–226; and 8-10 at 255–749)]

Although the ALJ acknowledged abnormal findings supporting moderate limitations in Pennell's functional domains—including only fair insight, judgment, reliability, and impulse control—he also cited normal findings that suggested Pennel was not more limited.  [*Id.*] These findings included normal mood and thought content, intact memory, good attention span and concentration, a cooperative attitude, and good eye contact across multiple provider encounters.  [*Id.*] The ALJ further observed that Pennell appeared calm and cooperative during multiple visits and that her mental impairments and related symptoms were generally controlled or stable later in the relevant period.  [*Id.* (citing Record No. 8-16 at 207–08, 249, 256–57, 304, 307–08, 337, 340–41, 373, 375–377, 426, 428–29)]

Additionally, the ALJ cited Pennell's consistent part-time employment involving regular public interaction at a check-out register and her regular use of public transportation to attend meetings with her boyfriend, even though she testified that crowded buses increased her anxiety, as evidence that she had no more than moderate limitations in interacting with others and tolerating the stress and pressures of daily employment.  [*Id*; *see* Record Nos. 8-11 at 8, 11, 38 – 39, 46; 8-16 at 304.]

In summary, the ALJ sufficiently explained his determination that Dr. McLean's opinion regarding "moderate to marked" mental functional limitations was unsupported by and inconsistent with the other medical evidence in the record.

While Pennell argues that the ALJ's explanation was inadequate, Crocker was not required to adopt the limitations Pennell preferred or to discuss the evidence in greater detail than necessary.  Instead, the ALJ was required only to "explain how [he] considered the

supportability and consistency factors," 20 C.F.R. § 404.1520c(b)(2).  The relevant inquiry is whether the ALJ's persuasiveness discussion permits meaningful judicial review.  *Eckert v. O'Malley*, No. 22-CV-316, 2024 WL 841765, at *5 (E.D. Ky. Feb. 28, 2024) (citing *Terhune v. Kijakazi*, No. 21-CV-37, 2022 WL 2910002, at *3 (E.D. Ky. July 22, 2022)).

The ALJ applied the proper legal standard in reaching his opinion by conducting the five-step analysis required for evaluating social security disability cases.  [Record No. 8-11 at 6–23]  He further provided an adequate discussion that enables meaningful review and demonstrates that his determination was supported by substantial evidence, as he cites relevant record evidence that sufficiently supports his conclusion.  *See Richardson*, 402 U.S. at 401; *Bass*, 499 F.3d at 509.  The Court will not "second-guess" this decision "as long as the ALJ cited substantial, legitimate evidence to support his factual conclusions," as he did here. *Ulman*, 693 F.3d at 714.

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Plaintiff Samantha J. Pennell's motion for judgment [Record No. 13] is **DENIED**.

2.      Defendant Commissioner of Social Security's motion for judgment [Record No, 16] is **GRANTED.**

3.      This action is **DISMISSED** and **STRICKEN** from the docket**.**

Dated:  May 19, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky